United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | Case No. 21-cr-20380-Scola |
| | ) | |
| Kenny Terlent, Defendant | ) | |

### Order Granting in Part Government's Motion to Revoke Magistrate Judge's Order of Bond

The Government appeals United State Magistrate Judge Edwin G. Torres's order denying motion for pretrial detention and releasing Defendant Kenny Terlent on bond. For the reasons stated below, the Court finds that the Government has established by a preponderance of the evidence that the Defendant poses a risk of flight if released and that no conditions or combination of conditions will assure his appearance. The Court does not reach that part of the Government's motion which seeks a finding that the Defendant poses a danger to the community. The Government's motion **(ECF No. 12)** is **granted in part**, Magistrate Judge Torres's order is **reversed**, the Defendant's bond is **revoked**, and the Defendant is ordered detained pending trial in this matter.

1. **Background**

On July 15, 2021, Terlent was charged by Indictment with: (1) possession of fifteen or more unauthorized access devices, (2) six counts of aggravated identity theft, and (3) illegal possession of a machinegun. (ECF No. 11.)

After his arrest Terlent was brought before Judge Torres for a detention hearing. The Government sought pretrial detention based on danger to the community and risk of flight. The Government further argued that no set of conditions, short of detention, could reasonably assure Terlent's appearance before the Court or the safety of individuals and the community. In support of its request, the Government presented Secret Service Agent Natalya Kaczmarczyk. The Government also relied on the Pretrial Services Report that recommended that Terlent be detained pending his trial.

After considering the evidence, Judge Torres denied the Government's request for pretrial detention and ordered Terlent to be released on bond. Judge Torres granted the Government's request to stay execution of the bond for a period of seven days. The Government appealed Judge Torres's order of bond, arguing that Terlent poses a severe risk to the community and risk of flight.

This Court held a hearing on the Government's motion on July 21, 2021. Both sides were offered the opportunity to present additional evidence or

testimony and declined to do so. The Court conducted a de novo review and considered the written submissions of the parties, the transcript of the detention hearing held before Magistrate Judge Torres, and the arguments of counsel. The Court finds by a preponderance of the evidence that Terlent poses a risk of flight.

### 2. Legal Standards

Title 18 U.S.C. § 3145(a)(1) provides that, "[i]f a person is ordered released by a magistrate judge," "the attorney for the Government may file, with the court having original jurisdiction of the offense, a motion for revocation of the order or amendment of the conditions of release." The Court reviews the Government's challenge to Judge Torres's bond order de novo. *United States v. Hurtado*, 779 F.2d 1467, 1471-1472 (11th Cir. 1985); *United States v. Rivera*, 90 F. Supp. 2d 1338, 1339-1340 (S.D. Fla. 2000). The Court must exercise independent judgment as to the facts before it and include findings of fact and reasons for detention. *United States v. Gaviria,* 828 F.2d 667, 670 (11th Cir.1987). Here, the Court considers the transcript of the hearing before Judge Torres, the Pretrial Services Report, the parties' pleadings, and the arguments presented at the hearing on July 21, 2021.

The Court notes that the Bail Reform Act, 18 U.S.C. § 3141, et seq. (hereinafter the "Act") governs the release and detention of a defendant prior to trial. 18 U.S.C. § 3142(f)(1) entitles the Government to move for detention if the defendant has been charged with one of the offenses enumerated in the Act which Congress has determined warrant detention. Where a charged offense is described in 18 U.S.C. § 3142(f)(1), there is a rebuttable presumption that no combination of conditions will reasonably assure the safety of any other person or the community. *See* 18 U.S.C. § 3142(e). The Government concedes that Defendant has not been charged with an offense that triggers a presumption in favor of detention. (Tr. July 7, 2021, ECF No. 7 at 48.)

Alternatively, as in the matter currently before the Court, the Government may move for detention where the matter involves a serious risk that the defendant will flee or obstruct or attempt to obstruct justice. *See id.* at § 3142(f)(2). When considering pre-trial detention, the Court must decide whether there are conditions of release that will reasonably assure the appearance of the defendant and protect the safety of any other person or the community. *See* 18 U.S.C. § 3142(e). Factors relevant to this inquiry are: (1) the nature and circumstances of the offense(s), including whether the offense(s) are a crime of violence or involve a narcotic drug, (2) the weight of the evidence, (2) the history and characteristics of the defendant and (4) the nature and seriousness of the danger posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

With regards to dangerousness, the Government must present clear and convincing evidence that no conditions of release will reasonably assure the safety of any other person or the community. *United States v. Rodriguez,* 897

F.Supp. 1461, 1464 (S.D. Fla.1995). Alternatively, regarding the risk of flight, the Government bears the burden of establishing by a preponderance of the evidence that no conditions will reasonably assure the defendant's presence at trial. *United States v. Medina,* 775 F.2d 1398, 1402 (11th Cir.1985). A finding of *either* danger to the safety of any other person or the community *or* risk of flight is sufficient to detain the defendant pending trial. *King,* 849 F.2d at 488. If, based on the evidence presented, no conditions will reasonably assure the defendant's presence or the safety of any other person or the community, then the Court must order detention. *See* 18 U.S.C. § 3142(e). Conversely, if there are conditions that will ensure the appropriate safeguards, then the Court must release the defendant subject to these conditions. *See id.* at § 3142(c).

### 3. Analysis

The Court finds that Terlent poses a risk of flight. Additionally, there are no conditions of release that will reasonably assure Terlent's appearance and protect the safety of the community.

Terlent poses a risk of flight. When law enforcement searched his residence in connection to this case, Terlent fled the scene and threw his cell phone into a nearby lake, presumably, in an attempt to destroy evidence. Additionally, Terlent had access to thousands of pieces of personal identifying information, which would allow him to commit access decide fraud and obtain proceeds to flee. The search of Terlent's iCloud account revealed a voluminous PDF titled, "I'm Rich Bitch," that contained thousands of social security numbers, credit card numbers, debit card numbers, names, dates of birth, and addresses.

Terlent is also aware that the firearm found during the search of his residence, which forms the basis of one of the charges against him, has been connected to five other violent offenses. The Court notes that Terlent has not been charged with any offenses related to those crimes. Even so, the potential of being charged with additional and more serious offenses further incentivizes Terlent to flee if released on bond.

Terlent has been charged with illegal possession of firearm that has been connected to several other crimes. Additionally, Terlent has also been linked to a violent street gang, 77th Street. Law enforcement's investigation revealed that Terlent communicated via text message with 77th Street gang members within the hour of the murder of P.P. Terlent texted the address of the murder. Additionally, one 77th Street member ("Witness 1") stated to law enforcement that Terlent had been involved with P.P.'s murder to avenge the death of a 77th Street gang member.

The Court must also decide whether there are conditions of release that will reasonably assure the appearance of the defendant and protect the safety of any other person or the community. After careful consideration of the factors enumerated in 18 U.S.C. § 3142(g), the Court finds that there are no such conditions.

Terlent is not charged with violations that would give rise to the

rebuttable presumption of 18 U.S.C. § 3142(e). In other words, Defendant has not been charged with a crime involving narcotics, nor has Defendant been charged with a crime involving violence. However, the nature of the charged offenses is nonetheless very serious. *United States v. Manukyan,* No. 15-80183-CR, 2016 WL 8674496, at *2 (S.D. Fla. Apr. 8, 2016) (Brannon, MJ.) *report adopted* (ECF No. 38) (S.D. Fla. April 27, 2016) (Middlebrooks, J.)

The weight of the evidence is significant. A search of Terlent's residence, revealed bank documents in other people's names, burner phones, and a Chime card, a device commonly used to conduct fraudulent transfers. A search of Terlent's iCloud account also included a PDF containing thousands of pieces of personal identifying information. During the search law enforcement also discovered a firearm that had been hidden in a hamper. Terlent had sent several text messages and pictures referencing a similar firearm.

Terlent also has an extensive criminal record. However, even more concerning than his previous criminal charges, is a systemic pattern of disregard for court orders. Indeed, as recently as 2018 and 2019, there are records indicating that Terlent has not complied with the terms of supervised release in various state cases. Terlent has failed to appear on at least three occasions in those state cases. Accordingly, the Court is not confident that if released Terlent would comply with the terms of supervised release or appear in later hearings and trial.

### 4. Conclusion

For these reasons, the Court finds that Terlent poses a risk of flight. There are no conditions that could ensure his appearance at trial. Accordingly, the Government's motion **(ECF No. 12)** to revoke Judge Torres's order on bond is **granted in part**, Judge Torres's order releasing Terlent is **reversed**, and Terlent's bond is **revoked**.

Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

Defendant shall be awarded reasonable opportunity for private consultation with counsel.

Upon order of the Court, the Defendant shall be delivered to the custody of the U.S. Marshal for the purpose of an appearance in connection with a court proceeding.

**Done and ordered** in chambers, at Miami, Florida, on July 21, 2021.

_____
Robert N. Scola, Jr.
United States District Judge