UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CR-20380-RNS

UNITED STATES OF AMERICA

v.

KENNY TERLENT,
      a/k/a "KenLa"
      a/k/a "headhuncho7700"

      **Defendant.**

## PRELIMINARY ORDER OF FORFEITURE

THIS MATTER is before the Court upon motion of the United States of America (the "United States") for entry of a Preliminary Order of Forfeiture ("Motion") against Defendant Kenny Terlent (the "Defendant"). The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

On July 15, 2021, a federal grand jury returned an Indictment charging the Defendant in Counts 1 and 6 with Possession of Fifteen or More Unauthorized Access Devices in violation of 18 U.S.C. § 1029(a)(3), in Counts 2-5, and 7-9 with Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1), and in Count 10 with Illegal Possession of a Machinegun in violation of 18 U.S.C. § 922(o)(1). Indictment, [DE 11].

The Indictment also contained forfeiture allegations, which alleged that: (1) upon conviction of a violation of 18 U.S.C. § 1029, the defendant shall forfeit to the United States (a) any property constituting or derived from proceeds obtained directly or indirectly as the result of such offense under 18 U.S.C. § 982(a)(2)(B) and (b) any personal property used, or intended to be used, to commit such offense, under 18 U.S.C. 1029(c)(1)(C); and (2) upon conviction of a

violation of 18 U.S.C. § 922(o), the defendant shall forfeit to the United States any firearm and ammunition involved in or used in the commission of such offense. The Indictment alleged that the property subject to forfeiture as a result of the alleged offenses includes, but is not limited to:

    i.    one Glock 19 firearm, serial number BBWB707.

[DE 11 at 4-5].

The United States has since identified the following additional assets subject to forfeiture, which Defendant has agreed to the entry of a forfeiture order of directly forfeitable property, including, but not limited to:

    i.    One (1) Nokia cell phone, black in color, IMEI 359019092385779;
    ii.    One (1) Motorola cell phone, black in color, IMEI: 351838096575749;
    iii.    One (1) HP laptop, red in color, S/N CND0314U68;
    iv.    One (1) Visa Chime Card, black in color, in name of J.G., 8771;
    v.    One (1) Apple iPhone, black in color, in case, S/N FD1Z609SJCM2, IMEI 358630093334722;
    vi.    Approximately Seventeen (17) 9mm rounds;
    vii.    One (1) firearm magazine;
    viii.    One (1) .40 caliber S& W round;
    ix.    One (1) Apple iPhone, lavender in color, IMEI 356546108473143, in clear case; and
    x.    One (1) Black Apple iPhone, IMEI 356770088725443.

*See* 01/14/2022 e-mail correspondence (on file with Government counsel).

On October 21, 2021, the Court accepted the Defendant's guilty plea to Counts 1, 2, and 10 of the Indictment. *See* Minute Entry, [DE 30]; Plea Agreement ¶ 1, [DE 28]. As part of the guilty plea, the Defendant agreed to the forfeiture of one (1) Glock 19 firearm with serial number BBWB707; any firearm and ammunition involved in or used in the commission of a violation of 18 U.S.C. § 922(o); and any property constituting or derived from proceeds and any personal property used, or intended to be used, to commit the offense of 18 U.S.C. § 1029. Plea Agreement ¶ 9, [DE 28].

In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found

2

that there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, [DE 29]. The Factual Proffer also provided a basis for the forfeiture of property. *See id.*

Based on the guilty plea [DE 30], the Plea Agreement [DE 28], and the Factual Proffer [DE 29], as well as the agreement of Defendant, the Property identified herein is subject to forfeiture. A 2020 law enforcement search of Defendant's iCloud account showed that Defendant possessed unauthorized access devices, and he possessed those with the intent to defraud. [DE 29 at 1]. Defendant used a Chime Account in the name of victim J.G., and law enforcement located in Defendant's residence a Chime card in that victim's name. *Id.* at 1-2, 4. Defendant had unauthorized access devices on his iCloud account belonging to significantly more than fifteen victims. *Id.* at 2.

A June 2021 search pursuant to warrant at Defendant's residence allowed for the seizure and search of any cell phones located within the residence or on the defendant's person. *Id.* at 3. The items sought for forfeiture in this motion were seized pursuant to the June 2021 search warrant, and law enforcement review confirms that the electronics were instruments of the crime and/or contain unauthorized access devices or PII. A cell phone that Defendant threw in a lake contained significantly more unauthorized access devices. *Id.* In Defendant's residence, in Defendant's dresser, law enforcement located 3 to 4 cell phones and one round of .40 caliber ammunition. *Id.* at 4. A laptop, and another of Defendant's cell phones, also associated with his iCloud account, were found wrapped in a blanket and hidden in a clothes hamper. *Id.* at 3-4. Also wrapped in that blanket, law enforcement located a Glock 19 firearm serial number BBWB707 with an auto sear, or a switch, attached to it allowing it to fire in fully automatic mode. *Id.* at 3-4. The Glock contained approximately seventeen (17) 9mm rounds. Defendant had sent text messages and taken a photo of that Glock, based on review of his iCloud account and the cell phone he threw in the lake. *Id.*

Based on the record in this case, the following specific property is directly subject to forfeiture, pursuant to 18 U.S.C. § 924(d)(1), 18 U.S.C. § 982(a)(2)(B), 18 U.S.C. § 1029(c)(1)(C):

    i.    One Glock 19 firearm, serial number BBWB707;
    ii.    One (1) Nokia cell phone, black in color, IMEI 359019092385779;
    iii.    One (1) Motorola cell phone, black in color, IMEI: 351838096575749;
    iv.    One (1) HP laptop, red in color, S/N CND0314U68;
    v.    One (1) Visa Chime Card, black in color, in name of J.G., 8771;
    vi.    One (1) Apple iPhone, black in color, in case, S/N FD1Z609SJCM2, IMEI 358630093334722;
    vii.    Approximately Seventeen (17) 9mm rounds;
    viii.    One (1) firearm magazine;
    ix.    One (1) .40 caliber S&W round;
    x.    One (1) Apple iPhone, lavender in color, IMEI 356546108473143, in clear case; and
    xi.    One (1) Black Apple iPhone, IMEI 356770088725443.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1.    Pursuant to 18 U.S.C. § 924(d)(1), 18 U.S.C. § 982(a)(2)(B), 18 U.S.C. § 1029(c)(1)(C), the following specific property is hereby forfeited and vested in the United States of America:

    i.    One Glock 19 firearm, serial number BBWB707;

    ii.    One (1) Nokia cell phone, black in color, IMEI 359019092385779;

    iii.    One (1) Motorola cell phone, black in color, IMEI: 351838096575749;

    iv.    One (1) HP laptop, red in color, S/N CND0314U68;

    v.    One (1) Visa Chime Card, black in color, in name of J.G., 8771;

    vi.    One (1) Apple iPhone, black in color, in case, S/N FD1Z609SJCM2, IMEI 358630093334722;

    vii.    Approximately Seventeen (17) 9mm rounds;

    viii.    One (1) firearm magazine;

   ix. One (1) .40 caliber S&W round;

   x. One (1) Apple iPhone, lavender in color, IMEI 356546108473143, in clear case; and

   xi. One (1) Black Apple iPhone, IMEI 356770088725443.

2. Any duly authorized law enforcement agency may seize and take possession of the forfeited property according to law.

3. The United States shall send and publish notice of the forfeiture in accordance with Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n).

4. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

5. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

6. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

It is further **ORDERED** that upon adjudication of all third-party interests, if any, the Court will enter a final order of forfeiture as to the property in which all interests will be addressed. Upon notice from the United States that no claims have been filed within 60 days of the first day of publication or within 30 days of receipt of notice, whichever is earlier, then, pursuant to Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n)(7), this Order shall become a Final Order of Forfeiture and any duly authorized law enforcement agency shall dispose

of the property in accordance with applicable law.

**DONE AND ORDERED** in Miami, Florida, on January 18, 2022.

_____
ROBERT N. SCOLA, JR.
UNITED STATES DISTRICT JUDGE